UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN COPELAND, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>    Defendants. | Case No. 12-cv-04286-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: ECF No. 48 |

In this action for violations of 42 U.S.C. § 1983 and related claims, Defendants move to dismiss the complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b) and for failure to serve several defendants under Federal Rule of Civil Procedure 4(m). Alternatively, they move to dismiss some of the claims in the complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

**I.  BACKGROUND**

This action arises out of the death of John Wayne McGee ("the decedent"), which took place while he was incarcerated in Alameda County's Santa Rita Jail. The gravamen of the complaint is that Defendants deprived him of his civil and constitutional rights by using excessive force against him and by being deliberately indifferent to his medical needs. The operative complaint asserts the following claims for relief: (1) wrongful death under 42 U.S.C. § 1983; (2) deprivation of due process under 42 U.S.C. § 1983; (3) deliberate indifference under 42 U.S.C. § 1983; (4) "survival action" under 42 U.S.C. § 1983; (5) negligence; (6) intentional infliction of emotional distress; and (7) assault and battery. Second Am. Compl. ("SAC"), ECF No. 38.

//

1    Plaintiffs allege that several sheriff deputies arrested the decedent at his home. Compl. ¶
2    11. At the time of the arrest, the deputies noticed that the decedent showed signs of being under
3    the influence of a controlled substance. Id. ¶¶ 12-13. The decedent told the deputies that he had
4    been smoking angel dust, crack cocaine, and methamphetamine. Id. ¶ 14. The deputies arrested
5    the decedent and took him to the Santa Rita Jail, where he was "manually restrained" inside of a
6    safety cell and eventually became "unresponsive." Id. ¶¶ 15-17. The decedent died after being
7    transported to a hospital. Id. ¶ 18.

8    Though an autopsy report stated that the cause of death was acute methamphetamine
9    intoxication, Plaintiffs allege that the decedent died from the deputies' use of excessive force
10   against him and from the deputies' failure to administer meaningful medical care. Id. ¶¶ 19-21.

11   Originally, this action was filed by Jahn McGee, the decedent's wife; the decedent's estate;
12   and Carolyn Copeland, the decedent's mother. First Am. Compl., ECF No. 15. On September 17,
13   2013, the Court granted Plaintiffs' motion to substitute Joe Pervoe as successor-in-interest to Jahn
14   McGee, both in her individual capacity and as successor-in-interest to John Wayne McGee and his
15   estate. ECF No. 47. Accordingly, the only remaining Plaintiffs at this stage are Joe Pervoe and
16   Carolyn Copeland.

17   Plaintiffs originally sued Defendants County of Alameda ("the County"), Alameda County
18   Sheriff Gregory J. Ahern, and DOES 1-50, who represented several unidentified deputies of the
19   Alameda County Sheriff's Department. First Am. Compl. ("FAC") ¶¶ 3-7, ECF No. 15.

20   On May 20, 2013, the Court dismissed the FAC with leave to amend because only one of
21   the seven claims in the complaint was asserted against a named Defendant, and that claim was
22   insufficiently pleaded. ECF No. 34. The deadline for filing an amended complaint was June 9,
23   2013. Id. Because Plaintiffs failed to file an amended complaint by that date, the Court issued an
24   order to show cause why this action should not be dismissed for failure to prosecute, and it
25   required Plaintiffs either to file a response to this order or to file an amended complaint by July 31,
26   2013. ECF No. 36. Plaintiffs did not comply with the order to show cause. A week after the
27   deadline for responding to the order to show cause, however, Plaintiffs filed a second amended
28   complaint. See Second Am. Compl. ("SAC"), ECF No. 38.

2

The Court held a case management conference on August 28, 2013, during which it permitted Plaintiffs to proceed with their claims despite their admitted failure to comply with the order to show cause, but only if they served the remaining "Doe" defendants shortly after the conference. ECF No. 44.

Plaintiffs served the remaining "Doe" Defendants on September 3, 2013. ECF No. 46.

Defendants now move to dismiss the complaint for failure to prosecute under Rule 41(b), for failure to serve Doe defendants within 120 days of serving the complaint under Rule 4(m), and for failure to state a claim under Rule 12(b)(6).

The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367.

## II. LEGAL STANDARD

### A. Failure to Prosecute

A district court may dismiss an action for failure to prosecute under Federal Rule of Civil Procedure 41(b). A district court, however, "is required to weigh several factors in determining whether to dismiss a case for lack of prosecution. These factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. There must also be a showing of unreasonable delay. The district court is not required to make explicit findings on the essential factors." Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996) (internal citations and quotation marks omitted). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citation and internal quotation marks omitted).

### B. Failure to Serve Defendants

The court, on motion or on its own after notice to the plaintiff, may dismiss an action without prejudice against a defendant if the plaintiff fails to serve that defendant within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure, however, the court must extend the time for service for an appropriate period. Id.

//

3

### C. Failure to State a Claim

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. When dismissing a complaint, a court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).

## III. DISCUSSION

### A. Failure to Prosecute and Failure to Serve the "Doe" Defendants

Defendants move to dismiss this action for failure to prosecute because Plaintiffs failed to comply with two court orders and have failed to participate in discovery. Defendants also move to dismiss the complaint for failure to serve the "Doe" defendants within 120 days of filing the complaint.

The record shows that the Court already addressed these issues at the last case management conference. There, the Court noted that Plaintiffs had demonstrated good cause for having failed to comply with the Court's orders and for having failed to serve "Doe" defendants within the relevant time period. The Court excused these failures but admonished Plaintiffs that further delay would not be tolerated. It also required Plaintiffs to serve the Doe defendants shortly after the conference. Plaintiffs complied with the Court's order by serving the Doe defendants a few days after the conference. There is no evidence showing that Plaintiffs engaged in any dilatory conduct after the conference. Accordingly, the Court DENIES Defendants' motion to dismiss the complaint for failure to prosecute or for failure to serve the Doe defendants. The Court reserves

the right, however, to consider future motions to dismiss for failure to prosecute if future circumstances warrant.

### B.     Intentional Infliction of Emotional Distress

Defendants move to dismiss Plaintiffs' claim for intentional infliction of emotional distress ("IIED") on the ground that Plaintiffs Pervoe and Copeland, who were not present when the events giving rise to this claim took place, are barred from bringing the claim for two reasons. First, the allegedly outrageous conduct giving rise to the IIED claim was not directed at Plaintiffs or intended to cause them severe emotional distress, and for that reason, Plaintiffs cannot bring the IIED claim on their own behalf. Second, emotional distress damages cannot be recovered in a survival action; thus, Plaintiffs cannot bring the IIED claim on behalf of the decedent.

Plaintiffs oppose the motion. In their opposition, Plaintiffs admit that damages for the emotional distress that the decedent suffered do not survive his death. Opp'n at 9. Nevertheless, Plaintiffs contend that their IIED claim is not subject to dismissal because punitive damages continue to be recoverable under this claim.

The Court concludes that Plaintiffs' IIED must be dismissed. First, Plaintiffs lack standing to assert an IIED claim on their own behalf, because the complaint is devoid of allegations showing that any defendant directed conduct at them with the intent to cause them emotional distress. See Christensen v. Superior Court, 54 Cal. 3d 868, 906 (1991) (holding that plaintiffs lacked "standing to sue for intentional infliction of emotional distress" because they "have not alleged that the conduct of any of the defendants was directed primarily at them, was calculated to cause them severe emotional distress, or was done with knowledge of their presence and of a substantial certainty that they would suffer severe emotional injury").

Second, Plaintiffs cannot assert an IIED claim on behalf of the decedent, because emotional distress damages do not survive the death of the person who suffered them. See Berkley v. Dowds, 152 Cal. App. 4th 518, 530 (2007) (holding that a complaint failed to state a claim for intentional infliction of emotional distress because emotional distress damages do not survive a person's death); see also Cal. Code Civ. P. § 377.34 (providing that "[i]n an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause

5

of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and <u>do not include damages for pain, suffering, or disfigurement</u>") (emphasis added).  Plaintiffs' contention that they can bring an IIED claim on the decedent's behalf because punitive damages continue to be available for that claim is unpersuasive.  While it is true that punitive damages are available only when plaintiff has first *recovered* actual damages, <u>id.</u>, that punitive damages are available does not *create* the availability of actual damages.

Accordingly, Plaintiffs' IIED claim is DISMISSED WITH PREJUDICE.

### C. Assault and Battery

Defendants move to dismiss Plaintiffs' claims for battery and assault on the ground that these claims arise from Defendants' alleged use of excessive force against the decedent, and as such, Plaintiffs cannot allege that they were in imminent apprehension of harmful or offensive contact, or that they suffered such contact.

In their opposition, Plaintiffs concede that they "cannot personally assert assault and battery claims" against Defendants and request to "withdraw" these claims.  Opp'n at 8 n.2.

Because no party disputes that Plaintiffs cannot assert a claim for battery or assault against Defendants based on the allegations in the complaint, which arise out of conduct that was directed at the decedent as opposed to Plaintiffs, Plaintiffs' claims for assault and battery are DISMISSED WITH PREJUDICE.  See <u>Ashcraft v. King</u>, 228 Cal. App. 3d 604, 611 (Cal. Ct. App. 1991) ("A battery is any intentional, unlawful and harmful contact by one person with the person of another."); <u>Austin v. Terhune</u>, 367 F.3d 1167, 1172 (9th Cir. 2004) ("To make out a claim for assault under California law, Austin had to establish (1) that defendant intended to cause harmful or offensive contact, or the imminent apprehension of such contact, and (2) that plaintiff was put in imminent apprehension of such contact.").

### D. Substantive Due Process

Defendants also argue that Plaintiffs' § 1983 claim for deprivation of their right to a familial relationship with the decedent in violation of the Fourteenth Amendment must be

6

1  dismissed, because the complaint is devoid of facts "that might support a showing of deliberate
2  indifference" with respect to several of the individual Defendants.[1] Reply at 3. Defendants
3  contend that the allegations in the complaint do not establish that the alleged conduct of these
4  individual Defendants "shocked the conscience." Mot. at 12.

5       Plaintiffs oppose the motion, arguing that they have alleged sufficient facts to raise the
6  reasonable inference that the individual Defendants' handling of the decedent was done with a
7  conscious disregard of the decedent's life. Opp'n at 9-10.

8       The Court concludes that the complaint alleges sufficient facts to state a survival claim
9  under § 1983 with respect to the individual Defendants. Certain family members of a person
10 killed by law enforcement officers may bring a claim under § 1983 for violations of the Fourteenth
11 Amendment in connection with the alleged deprivation of their liberty interest in their relationship
12 with the decedent. Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 371 (9th Cir. 1998)
13 (citations omitted). A plaintiff bringing such a claim, however, must allege sufficient facts to
14 show that the officers acted in "conscious disregard" of the decedent's right to life. Cnty. of
15 Sacramento v. Lewis, 523 U.S. 833, 854-55 (1998). Here, Plaintiffs have alleged that the
16 individual Defendants used excessive force in restraining the decedent, and that this force
17 contributed directly to his death. See SAC ¶¶ 26-31. This is sufficient to raise the reasonable
18 inference that the individual Defendants acted with a "conscious disregard" of the decedent's right
19 to life.[2] Accordingly, Defendants' motion to dismiss this claim is DENIED.

20 //
21 //
22 //
23 //
24 //

---

[1] These defendants are deputies Ryan Swetavage, Miguel Ibarra, Andrea Nederostek, Travis Higgins, Derek Meza, Christopher Haendel, and John Townsley.

[2] The question of whether the conduct of the individual Defendants actually was performed with the requisite "conscious disregard" is a question of fact that cannot be resolved on a motion to dismiss.

7

## IV. CONCLUSION

Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART, as described above. Plaintiffs shall file an amended complaint within fourteen days of the date of this order that reflects the Court's rulings with respect to their IIED, battery, and assault claims.

**IT IS SO ORDERED.**

Dated: March 21, 2014

JON S. TIGAR
United States District Judge