1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CAROLYN COPELAND, et al.,

Plaintiffs,

v.

COUNTY OF ALAMEDA, et al.,

Defendants.

Case No.  12-cv-04286-JST

**ORDER DENYING MOTION TO DISMISS**

Re: ECF No. 61

In this action for violations of 42 U.S.C. § 1983 and related claims, Defendants move to dismiss the complaint with prejudice on the ground that Plaintiffs have failed to prosecute this action and have failed to comply with this Court's orders.  Plaintiffs oppose the motion.  For the reasons set forth below, the motion is DENIED.

I.      **BACKGROUND**

A.      **The Parties and Claims**

This action arises out of the death of John Wayne McGee ("the decedent"), which took place while he was incarcerated in Alameda County's Santa Rita Jail.  The gravamen of the complaint is that Defendants deprived him of his civil and constitutional rights by using excessive force against him and by being deliberately indifferent to his medical needs.  The operative complaint asserts the following claims for relief: (1) wrongful death under 42 U.S.C. § 1983; (2) deprivation of due process under 42 U.S.C. § 1983; (3) deliberate indifference under 42 U.S.C. § 1983; (4) "survival action" under 42 U.S.C. § 1983; and (5) negligence.  Third Am. Compl. ("TAC"), ECF No. 60.  A detailed summary of the allegations supporting these claims can be found in this Court's order of March 21, 2014.  ECF No. 58.

Originally, this action was filed by Jahn McGee, the decedent's wife; the decedent's estate; and Carolyn Copeland, the decedent's mother.  First Am. Compl., ECF No. 15.  On September 17,

2013, the Court granted Plaintiffs' motion to substitute Joe Pervoe as successor-in-interest to Jahn McGee, both in her individual capacity and as successor-in-interest to John Wayne McGee and his estate.  ECF No. 47.  Accordingly, the only remaining Plaintiffs at this stage are Joe Pervoe and Carolyn Copeland.

### B.      Procedural History

Plaintiffs originally sued Defendants County of Alameda ("the County"), Alameda County Sheriff Gregory J. Ahern, and DOES 1-50, who represented several unidentified deputies of the Alameda County Sheriff's Department.  First Am. Compl. ("FAC") ¶¶ 3-7, ECF No. 15.

On May 20, 2013, the Court dismissed the FAC with leave to amend because only one of the seven claims in the complaint was asserted against a named Defendant, and that claim was insufficiently pleaded.  ECF No. 34.  The deadline for filing an amended complaint was June 9, 2013.  Id.  Because Plaintiffs failed to file an amended complaint by that date, the Court issued an order to show cause why this action should not be dismissed for failure to prosecute, and it required Plaintiffs either to file a response to that order or to file an amended complaint by July 31, 2013.  ECF No. 36.  Plaintiffs did not comply with the order to show cause.  A week after the deadline for responding to the order to show cause, however, Plaintiffs filed a second amended complaint.  See Second Am. Compl. ("SAC"), ECF No. 38.

The Court held a case management conference on August 28, 2013, during which it permitted Plaintiffs to proceed with their claims despite their admitted failure to comply with the order to show cause, but only if they served the remaining "Doe" defendants shortly after the conference.  ECF No. 44.  Plaintiffs served the remaining "Doe" Defendants on September 3, 2013.  ECF No. 46.

In October 2013, Defendants moved to dismiss the complaint for failure to prosecute under Rule 41(b), for failure to serve Doe defendants within 120 days of serving the complaint under Rule 4(m), and for failure to state a claim under Rule 12(b)(6).  The Court granted the motion in part and denied it in part.  ECF No. 58.  The Court dismissed with prejudice Plaintiffs' claims for intentional infliction of emotional distress ("IIED"), assault, and battery, but it declined to dismiss the remaining claims, either for failure to prosecute or for failure to state a claim.  Specifically,

United States District Court
Northern District of California

2

with respect to Defendant's failure-to-prosecute arguments, the Court reasoned that a dismissal on that ground was unjustified because Plaintiffs had demonstrated good cause for having failed to comply with the Court's orders and for having failed to serve "Doe" defendants within the relevant time period.  The Court, however, explicitly reserved the right "to consider future motions to dismiss for failure to prosecute if future circumstances warrant."  ECF No. 58 at 4-5.  The Court set the deadline for filing an amended complaint that reflected its rulings with respect to the three dismissed claims—IIED, assault, and battery—for April 4, 2014.

Plaintiffs failed to file the TAC by the April 4 deadline.  Instead, Plaintiffs filed the TAC on April 17, 2014, without first seeking either leave of Court to file an untimely pleading or an extension of the deadline for filing the amended complaint.  ECF No. 60.

Defendants now move to dismiss the complaint with prejudice for under Rule 41(b) on the ground that Plaintiffs have a long history of failing to comply with the Court's deadlines, and that Plaintiffs' untimely filing of the TAC constitutes another instance of dilatory conduct that warrants dismissal for failure to prosecute.  Defendants filed an answer to the TAC on the same day they filed this motion to dismiss.  ECF No. 62.

Plaintiffs oppose the motion, arguing that the untimely filing of the TAC was caused by an "honest mistake resulting from inadvertent internal calendaring."  ECF No. 63 at 1; Nisenbaum Decl. ¶¶ 2-3.

### C.    Jurisdiction

The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367.

## II.    LEGAL STANDARD

A district court may dismiss an action for failure to prosecute or to comply with a court order under Federal Rule of Civil Procedure 41(b).  A district court, however, "is required to weigh several factors in determining whether to dismiss a case under Rule 41(b).  These factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.  There must also be a showing of unreasonable delay.  The district court is not required to make explicit

United States District Court
Northern District of California

1  findings on the essential factors." <u>Al-Torki v. Kaempen</u>, 78 F.3d 1381, 1384 (9th Cir. 1996)

2  (internal citations and quotation marks omitted).  Dismissal is appropriate "where at least four

3  factors support dismissal . . . or where at least three factors strongly support dismissal."

4  <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998) (citation and internal quotation

5  marks omitted).

6  **III.    DISCUSSION**

7          The Court concludes that none of the five factors discussed above support dismissing this

8  action for failure to prosecute.

9          **A.    Expeditious Resolution of Litigation and the Court's Need to Manage Its**

10                 **Docket**

11         The first two factors, namely the public's interest in expeditious resolution of litigation and

12  the Court's need to manage its docket, relate to "the efficient administration of judicial business

13  for the benefit of all litigants with cases pending."  <u>Nealey v. Transportacion Maritima Mexicana,</u>

14  <u>S. A.</u>, 662 F.2d 1275, 1279 (9th Cir. 1980).

15         Defendants contend that both of these factors weigh in favor of dismissal because Plaintiffs

16  failed to comply with several court orders, including the Court's order requiring Plaintiffs to file

17  an amended complaint by April 4, and because "the pleadings are still not resolved" even though

18  the incidents giving rise to this action occurred more than three years ago.  ECF No. 61 at 5.

19         Plaintiffs respond that Defendants' motion is largely predicated on issues and events that

20  the Court already considered and resolved in its prior orders, and they contend that their failure to

21  file the TAC by April 4 did not prejudice Defendants or the Court's ability to manage its docket

22  because the only change they made to their claims by filing the TAC was to remove the three

23  claims the Court dismissed with prejudice in March 2014.  ECF No. 63 at 1, 4-5.

24         It is undisputed that Plaintiffs have a history of dilatory conduct, but the Court addressed

25  this history in its prior orders.  Thus, the only act of delay currently at issue is Plaintiffs' failure to

26  file the TAC by April 4.  The Court finds that this failure did not impair the court's ability to

27  promote the expeditious resolution of litigation or to manage its docket, because the filing of the

28  TAC did not alter this action in any substantive way.  The TAC did not add any new parties or

United States District Court
Northern District of California

4

1   claims.  Indeed, the Court required Plaintiffs to file the TAC only so that the operative complaint

2   reflected court's dismissal of three claims; the Court did not grant Plaintiffs leave to make any

3   other changes to their claims or allegations.  Because the untimely filing of the TAC did not delay

4   the progression of the case, the Court cannot conclude that these two factors weigh in favor of

5   dismissal.  See Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (holding that a

6   dismissal for failure to prosecute was unjustified because "Plaintiffs did not cause any

7   unreasonable delay in the progression of their case" and because "[t]he record does not support a

8   finding that plaintiffs' actions placed unwarranted stress on the district court's docket or

9   prejudiced [the defendant]").

   **B.      Prejudice to Defendants**

11      The third factor, the risk of prejudice to the defendant, relates to "the plaintiff's reason for

12  defaulting in failing to timely amend."  Yourish v. California Amplifier, 191 F.3d 983, 991 (9th

13  Cir. 1999).  "[A]presumption of prejudice arises from the plaintiffs' failure to prosecute."

14  Hernandez v. City of El Monte, 138 F.3d 393, 400 (9th Cir. 1998).  A plaintiff may rebut this

15  presumption only "with an excuse for his delay that is anything but frivolous."  Nealey, 662 F.2d

16  at 1281.

17      Defendants contend that this factor weighs in favor of dismissal because Plaintiffs' failure

18  to "prosecute diligently" and to comply with court orders is "sufficient by itself to justify a

19  dismissal."  ECF No. 61 at 5.  They also argue that Plaintiffs' delay increased the risk that the

20  witnesses' memories will fade and that evidence will become stale before the final resolution of

21  this action.

22      Plaintiffs respond that Defendants were not prejudiced by the untimely TAC because the

23  nature of Plaintiffs' claims and allegations has not changed since the filing of the original

24  complaint.  They also contend that the untimely filing was caused by inadvertence.

25      Because the TAC could not, and did not, change the scope or nature of Plaintiffs' claims

26  and allegations, as discussed in the previous section, the Court cannot conclude that Defendants

27  were prejudiced by the untimely filing of this pleading.  Additionally, the Court finds that

28  Plaintiffs have proffered a non-frivolous excuse for their delay in filing the TAC.  Accordingly,

this factor does not weigh in favor of dismissal.

**C.     Public Policy Favoring Disposition of Cases on their Merits**

The fourth factor concerns the public policy favoring disposition of cases on their merits, which "strongly counsels against dismissal."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006).  Nevertheless, the Ninth Circuit has recognized that "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits."  Id. at 1228.  For this reason, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  Id. (citations and internal quotation marks omitted).

Here, Plaintiffs' delay in filing an amended complaint did not prevent the case from moving toward disposition on the merits, because the TAC could not, and did not, substantively alter the scope or nature of Plaintiffs' claims.  In light of the public policy favoring disposition of cases on their merits and the fact that Defendants' filing of an answer has put this action at issue, this factor weighs strongly against dismissal.

**D.     Less Drastic Sanctions**

Finally, the fifth factor pertains to the availability of less drastic sanctions.  "These less drastic alternatives include allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel."  Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case."  Id.

Dismissal is the most drastic sanction available to the Court.  In light of the negligible effect that the untimely filing of the TAC had on the progress of this action, the Court finds that this sanction is unwarranted.  Though less draconian sanctions are available, the court declines to impose them in light of Plaintiffs' counsel representation that the untimely filing of the TAC was inadvertent.

**E.     A Concluding Note**

As set forth above, the Court's examination of the Al-Torki factors leads it to conclude that

6

the severe sanction of dismissal is not appropriate – at this point.  But the Court also assumes that Plaintiffs' counsel's disregard of court deadlines is at an end and that Plaintiffs will diligently prosecute their case.  The Court maintains its right to dismiss the action, or impose a different sanction, in response to further dilatory conduct or violations of the Court's orders.

IV.     **CONCLUSION**

Defendants' motion to dismiss this action with prejudice under Rule 41(b) is DENIED.

**IT IS SO ORDERED.**

Dated: August 26, 2014

JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

7